UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
MARINA PEREZ, *Individually and as Parent*  :
*and Natural Guardian of C.P.*,               :
          :
                                Plaintiff,   :                21-CV-10415 (VSB)
          :
                 - against -             :              **OPINION & ORDER**
          :
MEISHA PORTER, *in her Official Capacity*  :
*as the Chancellor of the New York City*     :
*Department of Education*, and NEW YORK  :
CITY DEPARTMENT OF EDUCATION,     :
          :
                              Defendants.  :
          :
------------------------------------------------------------X

Appearances:

Rory J. Bellantoni
Brain Injury Rights Group
New York, NY
*Counsel for Plaintiff*

Jacquelyn Dainow
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       On December 6, 2021, Plaintiff Marina Perez, individually and as parent and natural guardian of C.P., a young man with a disability, filed this lawsuit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, alleging that the New York City Department of Education and its former Chancellor, Meisha Porter, (collectively, the "DOE"), failed to provide C.P. with a free appropriate public education ("FAPE") for the 2019–2020 school year, as required by the IDEA. (*See* Doc. 1.) Currently pending are (1) Perez's motion

for summary judgment, (Doc. 20), and (2) the DOE's cross-motion for summary judgment, (Doc. 24).

Now before me is the thorough and well-reasoned Report & Recommendation (the "Report") of the Honorable Ona T. Wang, United States Magistrate Judge, in which she recommends denying Perez's motion for summary judgment and granting the DOE's cross-motion for summary judgment. (Doc. 35 ("Report").)[1] Because I find that Perez's objections lack merit, I OVERRULE her objections and ADOPT the Report in its entirety. Therefore, Perez's motion for summary judgment is DENIED and the DOE's cross-motion for summary judgment is GRANTED.

I. **Legal Standard**

After a magistrate judge has issued a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Trustees of Drywall Tapers & Pointers Loc. Union No. 1974 Benefit Funds v. Cite C Corp.*, No. 17-CV-9304, 2019 WL 1745743, at *1 (S.D.N.Y. Apr. 18, 2019) (internal quotation marks omitted). Where specific objections are made, the court is obligated to review the contested issues de novo. *See* Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). However, when "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments," the court will review the report only for clear error. *See Jones v. Smith*, No. 09-CV-6497, 2012 WL

---

[1] The Report's detailed account of the facts and procedural history, to which no party objects, is incorporated by reference.

1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). Additionally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Karim v. N.Y.C. Health & Hosps. Corp.*, No. 17-CV-6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020) (internal quotation marks omitted), *aff'd*, 834 F. App'x 651 (2d Cir. 2021).

## II. Discussion

Under the IDEA, federal district courts determine "whether the administrative record, together with any additional evidence, establishes that there has been compliance with IDEA's processes and that the child's educational needs have been appropriately addressed." *S.W. v. N.Y.C. Dep't of Educ.*, 646 F. Supp. 2d 346, 352 n.1 (S.D.N.Y. 2009). This requires courts to "engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 385–86 (2d Cir. 2014) (internal quotation marks omitted).

"In undertaking this independent review, [courts] are . . . restrained by our lack of specialized knowledge and educational expertise; we must defer to the administrative decision particularly where the state officer's review has been thorough and careful." *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 138–39 (2d Cir. 2013) (internal quotation marks and alterations omitted). I therefore cannot substitute my own "notions of sound educational policy for those of the school authorities under review." *Id.* at 139 (internal quotation marks omitted).

### A. *Procedural Challenges to the IEP*

Perez's first objection is that Judge Wang improperly dismissed her arguments that C.P.'s Individualized Education Program ("IEP") violated the procedural requirements of the IDEA. (Doc. 36 at 2–6.) Before Judge Wang, Perez argued that her IEP was procedurally defective

because (1) the meeting notice was not written in her native language of Spanish, (2) the Committee on Special Education ("CSE") did not include individuals with knowledge or special expertise about C.P., and (3) the CSE did not consider classroom placements for C.P. with fewer students. (Doc. 21 at 19–21.) Judge Wang declined to address these issues, ruling instead that Perez forfeited them by failing to identify the alleged procedural violations in her due process complaint ("DPC"). (*See* Report at 9 ("None of these alleged procedural violations were raised in Plaintiff's DPC.")); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014) (explaining that failing to raise an argument in a due process complaint amounts to a forfeiture (citing 20 U.S.C. § 1415(f)(3)(B))). She observed that Perez neither explained why she omitted these allegations from the DPC nor pointed to some other "fair notice" provided to the DOE that would allow her to consider the issue. (Report at 10.) Accordingly, although Perez now argues that she did in fact provide the DOE with fair notice, her failure to raise this argument before Judge Wang precludes her from attempting to do so now. *See Davis v. Comm'r of Soc. Sec.*, No. 15-CV-6301, 2016 WL 3453452, at *1 (S.D.N.Y. June 16, 2016) ("New arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all." (internal quotation marks and alterations omitted)).

Even if Perez had properly preserved this argument, which she clearly has not, her contention that she provided the DOE with fair notice lacks merit. (Doc. 36 at 2–3.) A due process complaint must "list the alleged deficiencies with enough specificity so that the defendant is able to understand the problems and attempt to remedy them." *B.M. v. Pleasantville Union Free Sch. Dist.*, No. 20-CV-2192, 2021 WL 4392281, at *15 (S.D.N.Y. Sept. 24, 2021) (internal quotation marks and alterations omitted); *see also J.C.S. v. Blind Brook-Rye Union Free*

*Sch. Dist.*, No. 12-CV-2896, 2013 WL 3975942, at *8 (S.D.N.Y. Aug. 5, 2013) ("[T]he party requesting the hearing must lay out specifically in the DPC the issues that will be before the hearing officer, and courts have authority to review only those issues." (internal quotation marks, alterations, and citations omitted)). Here, Perez contends that one broad, non-specific allegation in the DPC—that the DOE "significantly impeded [her] opportunity to participate in the decision-making process regarding the provision of a FAPE to student," (Record at 849)[2]—put the DOE on notice of all three procedural violations. (Doc. 36 at 2–3.) This general statement, however, cannot bear the weight that Perez places on it. The DPC never mentions the meeting notice, the CSE's composition, or its consideration of C.P.'s class size and it therefore could not possibly provide the DOE with "fair notice" of any of these alleged procedural violations. *Cf. K.C. ex rel. C.R. v. N.Y.C. Dep't of Educ.*, No. 14-CV-836, 2015 WL 1808602, at *13 (S.D.N.Y. Apr. 9, 2015) (concluding that general allegations that the IEP "was the result of a flawed process" and "insufficiently designed to appropriately address [the student's] academic needs" did not provide the DOE with "fair notice" of specific defects concerning the timing and depth of the evaluative materials considered by the CSE). Accordingly, Perez's first objection is OVERRULED.[3]

---

[2] "Record" refers to the Certified Administrative Record of the DOE's decision, which is filed under seal. (Doc. 16.)

[3] Although Perez argues in the alternative that that she had no obligation to list the alleged procedural violations in the DPC, she cites no case standing for this proposition, and I cannot locate one myself. To the contrary, courts in this District have held that the "fair notice" requirement extends to procedural violations of the IDEA. *See, e.g., B.M. v. Pleasantville Union Free Sch. Dist.*, No. 20-CV-2192, 2021 WL 4392281, at *15 (S.D.N.Y. Sept. 24, 2021) (requiring fair notice of procedural violations). This requirement makes sense—if a party does not specify its alleged procedural violations in the DPC, how else could the DOE properly respond to and "understand the problems and attempt to remedy them[?]" *B.M.*, 2021 WL 4392281, at *15; *J.C.S.*, 2013 WL 3975942, at *8 ("[T]he party requesting the hearing must lay out specifically in the DPC the issues that will be before the hearing officer, and courts have authority to review only those issues.")

### B. *Substantive Challenges to the IEP*

Perez raises four objections to Judge Wang's conclusion that State Review Officer's ("SRO") decision that the IEP was substantively adequate is entitled to deference. I address each objection in turn.

### 1. Class Size and Related Services

Perez objects to Judge Wang's conclusion that the SRO's decision regarding class size and related services was well-reasoned and owed deference. (Doc. 36 at 7–10.) With respect to class size, Perez argues principally that the SRO misapplied New York regulations in determining which special education classroom structure was most appropriate. (*Id.* at 7–9.) Specifically, Perez contends that because C.P. is a student with "highly intensive" management needs, the *only* appropriate placement for him was a 6:1:1 classroom. (*Id.* at 8); *see* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.6(h)(4)(ii)(a) (providing that a 6:1:1 classroom is appropriate for "students whose management needs are determined to be highly intensive, and requiring a high degree of individualized attention and intervention"). However, although C.P. has "highly intensive" management needs, he also has "severe multiple disabilities." (*See* Record at 19 (concluding that the "CSE's decision to classify the student as a student with multiple disabilities was not unreasonable"); *id.* at 26 (adopting the ADAPT school psychologist's testimony that C.P. "presented with severe multiple disabilities and required a program focused primarily on habilitation and treatment")). Plaintiff does not dispute this determination. (*See* Doc. 21 at 2, 11–12.) For those students, the 12:1:4 classroom—"the most supportive classroom environment contemplated by the applicable New York regulations"—is also appropriate. *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, No. 21-2639, 2023 WL 3162127, at *1 (2d Cir. May 1, 2023). Accordingly, deference to the SRO's classroom-size decision is appropriate. *See also S.C. v.*

*Katonah-Lewisboro Central Sch. Dist.*, 175 F. Supp. 3d 237, 253 (S.D.N.Y. 2016) ("The Court further notes that the core issue at dispute here—the appropriateness of the recommended class size—is a matter of educational policy for which deference is particularly proper.").

As to related services, Perez argues that Judge Wang erred in deferring to the SRO's conclusion that related services sessions of thirty minutes were sufficient. (Doc. 36 at 9–10.) However, the record amply supports the SRO's conclusion. For example, the ADAPT school psychologist testified that C.P. "had a short attention span, was easily fatigued, and had very low stamina and tolerance for physical activities" and was therefore "unable to attend sessions of longer than 30 minutes." (Record at 29.) In arguing otherwise, Perez plucks a line out of an annual education report that describes C.P. as "alert." (Doc. 36 at 10 (citing Record at 772).) However, the annual report's description of C.P. as alert is not inconsistent with the SRO's conclusion that the "January 2019 CSE had a basis to recommend three 30-minute sessions per week of related services." (Report at 29.) In any event, this type of dispute is precisely the kind of decision where deference to the SRO is appropriate. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012) ("We must give due weight to the state proceedings, mindful that we lack the specialized knowledge and experience necessary to resolve questions of educational policy. It is not for the federal court to choose between the views of conflicting experts on such questions." (internal quotation marks, alterations, and citations omitted).). Accordingly, Perez's objection is OVERRULED.

### 2. Sufficiency of Evaluations

Perez next objects to Judge Wang's deference to the SRO's conclusion that the DOE reviewed sufficient evaluative information in preparation for the January 2019 CSE meeting. (Doc. 36 at 10–12.) Specifically, Perez argues that the SRO failed to adequately address

7

confusion regarding which Vineland-II test scores were reflected in C.P.'s 2019–2020 IEP. (*Id.* at 11.) This argument is misplaced and ignores the record. The SRO specifically acknowledged the confusion and concluded that the evidence in the hearing record demonstrated that the January 2019 CSE had sufficient information to develop C.P.'s IEP. (*See* Record at 20 n.8 ("Regardless of the specific Vineland-II scores the student received, overall the information available to the January 2019 CSE sufficiently described the student's significant global deficits.").) I therefore disagree that the SRO "overlooked" a "glaring gap" in the evidence or "conflicting testimony" such that its decision is not entitled to deference. (Doc. 36 at 11–12); *cf. GB v. N.Y.C. Dep't of Educ.*, 145 F. Supp. 3d 230, 250 (S.D.N.Y. 2015) (deferring to SRO's conclusion that an IEP "describe[d] [a student's] sensory needs appropriately]"). For these reasons, Perez's objection is OVERRULED.

### 3. Assistive Technology

Perez also objects to Judge Wang's deference to the SRO's conclusion that C.P. did not require assistive technology. (Doc. 36 at 12–13.) While assistive technology will almost always be beneficial to a student, "a school is only required to provide it if the technology is necessary." *E.F. v. N.Y.C. Dep't of Educ.*, No. 12-CV-2217, 2013 WL 4495676, at *20 (E.D.N.Y. Aug. 19, 2013). Here, Perez fails to identify what assistive technology the IEP should have provided, making it impossible to say that it was necessary. This deficiency aside, although the hearing record shows that the CSE was aware that C.P. used certain assistive-technology devices to communicate, (Record at 25), C.P.'s reliance on assistive technology does not render the IEP's lack of a formal recommendation mistaken. To the contrary, the absence of a formal recommendation is amply supported by the record. The ADAPT school psychologist testified that the "CSE did not consider any other assistive technology devices for the student, as it had

concerns regarding his ability to fully understand how to use the device and the appropriateness of such devices." (*Id.* (alterations omitted).) Because Perez identifies no error in the SRO's decision to credit that testimony, the SRO's conclusion is entitled to deference. *See Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) ("Deference is particularly appropriate when, as here, the [SRO's] review has been thorough and careful."). Perez's objection is OVERRULED.

### 4. Annual Goals

Perez next objects to Judge Wang's deference to the SRO's conclusion that the IEP adequately dictated goals and objectives for C.P. (Doc. 36 at 13.) In support of this objection, Perez makes much of the fact that one of C.P.'s goals was to shoot a basketball with hand-over-hand assistance, a feat the ADAPT school psychologist described as unrealistic. (*Id.*) However, Perez fails to explain why one purportedly farfetched goal renders the other goals deficient or denies C.P. a FAPE. *See G.S. v. N.Y.C. Dep't of Educ.*, No. 15-CV-5187, 2016 WL 5107039, at *11 (S.D.N.Y. Sept. 19, 2016) ("[T]he sufficiency of goals and strategies in an IEP is precisely the type of issue upon which the IDEA requires deference to the expertise of the administrative officers" (internal quotation marks and alterations omitted)); *cf. E.F. v. N.Y.C. Dep't of Educ.*, No. 12-CV-2217, 2013 WL 4495676, at *19 (E.D.N.Y. Aug. 19, 2013) (concluding that "even where certain goals are overly broad, courts have found an IEP to be satisfactory where short-term objectives are sufficiently detailed" (internal quotation marks omitted)). Perez's objection is therefore OVERRULED.

### C. *Remaining Objections*

Plaintiff further objects that Judge Wang "ignored major errors and careless mistakes made by DOE." (Doc. 36 at 13.) Any errors made by the DOE in its briefing before Judge

Wang are immaterial as they do not relate to whether the DOE complied with its IDEA obligations and provided C.P. a FAPE.  Because Perez's remaining objections simply rehash arguments that I already rejected above—namely, whether the SRO's decision regarding classroom placement is entitled to deference—I do not address them again.  As Judge Wang aptly observed, "the entirety of the SRO's decision is well-reasoned and well-supported with references to the law and the underlying record."  (Report at 15.)  Accordingly, Perez's remaining objections are likewise OVERRULED.

### III.  Conclusion

For these reasons, Perez's objections are OVERRULED, and Judge Wang's Report is ADOPTED in its entirety.  Accordingly, Perez's motion for summary judgment is DENIED, and the DOE's cross-motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 3, 2025
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge